UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS JEFFERSON COFFELT, | Case No. 1:12-cv-00054-CWD |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| vs. | |
| STATE OF IDAHO, CORIZON HEALTH SERVICES, | |
| Defendants. | |

The Clerk of Court conditionally filed the Complaint of Plaintiff Thomas Jefferson Coffelt, an inmate who requests in forma pauperis status in this action. Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case.[1] (Dkt. 4.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

**INITIAL REVIEW ORDER - 1**

Having reviewed the record pursuant to 28 U.S.C. §§ 1915(e) and 1915A to determine whether summary dismissal is appropriate, the Court enters the following Order.

**REVIEW OF COMPLAINT**

1.  **Background**

Plaintiff, an inmate in the custody of the Idaho Department of Correction ("IDOC"), asserts that the state of Idaho and Corizon Health Services are violating his rights under the Constitution and several federal statutes. Particularly, Plaintiff alleges that Defendants are failing to provide him with proper treatment or rehabilitation as a sex offender, so that he can become eligible for parole at the conclusion of the fixed portion of his sentence.

Plaintiff alleges that his "criminal conduct was motivated by a mental psychosis," and that Idaho Code § 19-2523 requires that the State provide offenders whose criminal conduct was the result of a mental psychosis with proper rehabilitation and institutionalization. (Complaint, Dkt. 3, p. 7.) Plaintiff alleges that failure to do so amounts to an unlawful increase in his sentence, an ex post facto violation, a separation of powers violation, a bill of attainder violation, an equal protection violation, and a due process violation.[2]

Plaintiff bases his constitutional claims on Idaho Code § 19-2523, which is entitled

---

[2] Plaintiff also makes claims under federal criminal statutes, which are inapplicable to Plaintiff's state convictions.

**INITIAL REVIEW ORDER - 2**

"Consideration of mental illness in sentencing." That section provides:

> (1) Evidence of mental condition shall be received, if offered, at the time of sentencing of any person convicted of a crime. In determining the sentence to be imposed in addition to other criteria provided by law, if the defendant's mental condition is a significant factor, the court shall consider such factors as:
>
>> (a) The extent to which the defendant is mentally ill;
>>
>> (b) The degree of illness or defect and level of functional impairment;
>>
>> (c) The prognosis for improvement or rehabilitation;
>>
>> (d) The availability of treatment and level of care required;
>>
>> (e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;
>>
>> (f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.
>
> (2) The court shall authorize treatment during the period of confinement or probation specified in the sentence if, after the sentencing hearing, it concludes by clear and convincing evidence that:
>
>> (a) The defendant suffers from a severe and reliably diagnosable mental illness or defect resulting in the defendant's inability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law;
>>
>> (b) Without treatment, the immediate prognosis is for

> major distress resulting in serious mental or physical
> deterioration of the defendant;
>
> (c) Treatment is available for such illness or defect;
>
> (d) The relative risks and benefits of treatment or
> nontreatment are such that a reasonable person would
> consent to treatment. (of the offense charged.)
>
> (3) In addition to the authorization of treatment, the court shall
> pronounce sentence as provided by law.

I.C. § 19-2523.[3]

## 2. Standard of Law

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court clarified that, to state a claim that will survive summary dismissal, the complaint must contain not only sufficient factual content, but facially plausible factual content. *Id.* at 678. As to the first principle, the *Iqbal* Court explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[3] It is to be noted that Idaho has a civil commitment statute, but Plaintiff is not under an order of civil commitment. *See* I.C. § 66-329.

**INITIAL REVIEW ORDER - 4**

*Id*.

As to the second principle, the *Iqbal* Court reiterated that "only a complaint that states a plausible claim for relief survives" summary dismissal or a motion to dismiss. 556 U.S. at 679. Particularly, the Court explained:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id*. at 679.

3. **Whether the Claims Implicate Plaintiff's Sentences**

Because the claims involve criminal sentences, a threshold issue in this case is whether the claims are of the nature of civil rights or habeas corpus. While certain types of claims may be brought as § 1983 claims, others must be asserted in habeas corpus actions because they implicate the bar of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), where the United States Supreme Court determined that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005). The *Wilkinson v. Dotson* opinion addressed parole claims, but its reasoning, based on *Heck v. Humphrey*, is also applicable to sentence challenges. Both types of claims are at issue here.

In *Wilkinson v. Dotson*, the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and

parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." *Id*. at 82. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Dotson*, the Supreme Court noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

      To the extent that Plaintiff's claims seek a different sentence (such as commitment to a mental health institution rather than incarceration in prison) or they are based on an argument that his sentence has been increased, they are not cognizable here, but must be asserted in habeas corpus. Therefore, Plaintiff's claims that failing to provide him with rehabilitation for parole amounts to an unlawful increase in sentence and that he is entitled to a civil commitment with specific rehabilitation privileges are barred by *Heck v. Humphrey* and must be brought in habeas corpus. While Plaintiff alleges that he is simply challenging parole and sentencing procedures, the bulk of his factual allegations are centered on his wrongful sentence and incarceration (*e.g.*, "defendants [with a mental psychosis] are not supposed to be subjected to sentences under I.C. § 19-2013 for punishment, but instead are to be sentenced under I.C. § 19-2520, § 2522, and § 2523 for

rehabilitation"), which clearly implicate his criminal sentence.

4.     **Amendment or Dismissal**

To the extent Plaintiff wishes to bring a claim that prison conditions are constitutionally inadequate or violate federal statutes because he is not being provided proper mental health treatment, or that Plaintiff is not receiving the same type of mental health treatment as similarly-situated inmates, such claims may be brought in an amended complaint in this action. Plaintiff may not proceed on any request to be civilly committed or to require state officials to follow the provisions of Idaho Code § 19-2523. His amended complaint must state the following: (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each defendant allegedly took place; (3) the specific conduct or action Plaintiff alleges is unconstitutional; (4) the constitutional provision or federal law allegedly violated; and (5) the injury or damage caused by the alleged violation.

5.     **Standards of Law that May Be Applicable on Amendment**

A.     *Section 1983 Eighth Amendment or Equal Protection Claim*

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

For an Eighth Amendment medical or mental health claim brought under § 1983, Plaintiff must state facts showing how each defendant knew of and disregarded a serious

**INITIAL REVIEW ORDER - 7**

condition or showing that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually drew an inference. *See Farmer v. Brennan,* 511 U.S. at 838. In other words, Plaintiff must state facts showing that defendants were deliberately indifferent to his mental health condition, rather than merely negligent.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Plaintiff has provided no factual allegations of a discriminatory intent in his Complaint, such that a strict scrutiny analysis would apply. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (to avoid dismissal of complaint, plaintiff must allege facts showing or intimating discrimination because of race, religion, or national origin).

Neither has Plaintiff provided any facts under which he could proceed on a rational basis theory. Under a rational basis inquiry, in order to state an equal protection claim, Plaintiff must state facts alleging that he is similarly situated to others and is being treated in a disparate manner, and that there is no rational basis for the disparate treatment. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993). If he has no particular facts showing which other particular prisoners were treated differently from him regarding mental health treatment, he should not include this cause of action in his amended complaint.

**INITIAL REVIEW ORDER - 8**

B. *ADA Claim*

Title II of the Americans with Disabilities Act (ADA)[4] provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998). Regarding the ADA in the prison context, the United States Court of Appeals for the Ninth Circuit has directed the district courts to apply the standard from *Turner v. Safley*, 482 U.S. 78, 89(1987), that "a regulation that would impinge on inmates' constitutional rights is nevertheless valid if it is reasonably related to the prison's legitimate interests." *Pierce v. County of Orange*, 526 F.3d 1190, 1216-17 (9th Cir. 2008).

In contrast to a § 1983 claim, a Title II ADA claim must be brought against the state or the state entity. *See U.S. v. Georgia*, 126 S.Ct. 877 (2006) (Title II of the ADA validly abrogates Eleventh Amendment immunity for states for conduct that actually violates the Fourteenth Amendment).

If Plaintiff wishes to include a Title II ADA claim in an amended complaint, he must include allegations of a specific disability and that Defendants intentionally

---

[4]Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq*. (Title I), § 12132, *et seq*. (Title II).

**INITIAL REVIEW ORDER - 9**

discriminated against him by denying him benefits and medical care *because* of his disability. Allegations that a person had a disability, and was denied medical care *for* that disability (not because of the disability), should be brought as an Eighth Amendment claim, rather than an ADA claim.

C. *Developmental Disabilities Act*

The Developmental Disabilities Assistance and Bill of Rights Act (DDABRA), 42 U.S.C. § 15001, *et seq*. (Supp.1987), establishes "a federal-state program whereby the Federal Government provides financial assistance to ... participating States to aid them in creating programs to care for and treat the developmentally disabled." *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 11 (1981). In *Pennhurst*, the Court held that the provision of the DDABRA that specifies the conditions to be satisfied by states receiving funds under the Act does not create substantive rights in favor of persons eligible for assistance under the Act, but it left open the question of whether disabled persons could bring suit for noncompliance against state and federal actors. *Id*. at 18-29.

Two decades later, in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), the United States Supreme Court emphasized that, for a statute to be actionable under § 1983, the statute itself must unambiguously confer that right, which calls into question lower court decisions that had permitted a private cause of action under the DDABRA. The DDABRA does not appear to contain an unambiguous conferral of a private cause of action. *See Smith v. Au Sable Valley Community Mental Health Services*, 431 F.Supp. 2d 743 (E.D. Mich. 2006). However, because the United States Court of Appeals for the

Ninth Circuit has not ruled on this issue yet, Plaintiff may include such a claim in his amended complaint if he has facts to support it.

6.    **Exhaustion Requirement**

It is unclear whether Plaintiff has exhausted his administrative remedies by filing a grievance and appealing it to the highest appellate authority in the prison system. Plaintiff's Complaint may be subject to involuntary dismissal by motion of the Defendant for failure to exhaust his administrative remedies. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007); Title 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731 (2001) (if administrative remedies are not exhausted *prior* to the filing of a lawsuit, the lawsuit is subject to dismissal).

If Plaintiff decides to proceed with this action, but his case is later dismissed as a result of a motion to dismiss based on failure to exhaust administrative remedies, he will be assessed the full filing fee of $350.00, for pursuit of the action. If Plaintiff has not exhausted his administrative remedies, and decides to file a notice of voluntary dismissal, he may do so without payment of the $350.00 filing fee.

7.    **Conclusion**

Plaintiff may file an amended complaint consistent with the standards set forth above, but he may not pursue habeas-type claims seeking a civil commitment or a

different sentence in this action. Plaintiff may file a notice of voluntary dismissal if he no longer wishes to pursue the case. Failure to file an amended complaint or a notice of voluntary dismissal will result in involuntary dismissal of the Complaint.

Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) will be deemed moot, but will be reviewed upon receipt of an amended complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is MOOT, pending receipt of an amended complaint.

2. Plaintiff shall file a notice of voluntary dismissal or an amended complaint, using the guidelines set forth above, no later than **thirty (30) days after entry of this Order.** Failure to do so will result in dismissal of this case without prejudice, without any further notice to Plaintiff.

DATED: October 30, 2012

Honorable Candy W. Dale
United States Magistrate Judge