UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS JEFFERSON COFFELT,<br><br>                          Plaintiff,<br><br>         v.<br><br>STATE OF IDAHO and CORIZON<br>HEALTH SERVICES,<br><br>                          Defendants. | Case No. 1:12-cv-00054-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

On June 27, 2013, the Court dismissed Plaintiff's Second Amended Complaint in this civil rights case without prejudice and entered judgment against Plaintiff because Plaintiff failed to allege sufficient facts to state a claim upon which relief could be granted. (Dkt. 11 & 12.) Plaintiff has now filed a Motion for Reconsideration. (Dkt. 13.)

**1.      Withdrawal of Consent to the Jurisdiction of this Court**

As an initial matter, because Plaintiff entitled his motion a "Motion for Reconsideration for Order [of] Dismissal by District Judge," it is possible to construe Plaintiff's Motion as an attempt to withdraw his consent to proceed before a United States Magistrate Judge. Plaintiff consented to the jurisdiction of this Court to enter final orders in this case under 28 U.S.C. § 636(c). (*See* Dkt. 4.) Because Plaintiff is the only party appearing in this case, the Court had jurisdiction to dismiss Plaintiff's Second Amended Complaint and enter final judgment. (*See* Order, Dkt. 11.) "There is no absolute right, in a

**MEMORANDUM DECISION AND ORDER - 1**

civil case, to withdraw consent to trial and other proceedings before a magistrate judge."

*Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Plaintiff has not shown any

extraordinary circumstances that would justify vacating Plaintiff's consent, *see* 28 U.S.C.

§ 636(c)(4), particularly given that Plaintiff did not request a withdrawal prior to the

Court entering judgment against him. Therefore, to the extent Plaintiff seeks to withdraw

his consent to the jurisdiction of this Court, the motion is denied.

**2.      Motion for Reconsideration**

Although Plaintiff does not identify the authority upon which he bases his Motion

for Reconsideration, a party may request reconsideration of a final judgment (1) under

Federal Rule of Civil Procedure Rule 59(e) by filing a motion to alter or amend the

judgment, or (2) under Federal Rule of Civil Procedure 60(b) by filing a motion for relief

from judgment.

**A.      Legal Standards**

Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy,

to be used sparingly in the interests of finality and conservation of judicial resources."

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks

omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to

raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No.*

*1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result,

there are four limited grounds upon which a motion for reconsideration may be granted:

(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party

**MEMORANDUM DECISION AND ORDER - 2**

presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest

injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa*

*Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a

party relief from a final judgment for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released or discharged; or (6) any other reason that justifies

relief. Fed. R. Civ. P. 60(b). The last catch-all provision should only be granted

"sparingly as an equitable remedy to prevent manifest injustice." *United States v.*

*Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted).

## B.    Discussion

Precluding relief under Rule 59(e) is the lack of any manifest error of law or fact,

any newly discovered or previously unavailable evidence, any manifest injustice, or any

intervening change in controlling law. Plaintiff claims that the "issues" raised in his

Complaint were "found colorable in another action," namely, *Watkins v. Idaho Board of*

*Pardons & Parole*, 1:06-cv-00079-EJL (filed Feb. 22, 2006; closed February 26, 2008).

(*See* Mot. for Recons., Dkt. 13, at 1-2.) However, the fact that Plaintiff may have asserted

constitutional claims that, *if properly pleaded and supported*, could have been actionable

does not change the fact that, despite multiple chances, Plaintiff did not allege sufficient

supporting facts to proceed on any such claims. (*See* Order dated June 27, 2013, Dkt. 11.)

**MEMORANDUM DECISION AND ORDER - 3**

Precluding relief under Rule 60(b) is Plaintiff's similar failure to meet any of the grounds cited in that Rule. Plaintiff's Motion adds nothing to Plaintiff's claims. He states only that he received "no medical on my injurer [sic] ankle," "no programs so I can be releast [sic]," and "no law library (etc) find in your pleadings." (Mot. for Recons. at 2.) These allegations are too vague and general for Plaintiff to establish that he should be allowed to proceed on his claims.

Plaintiff has not carried his burden to show manifest injustice or any other basis for reconsideration. Accordingly, the Court will deny the Motion for Reconsideration.

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Motion for Reconsideration for Order [of] Dismissal by District Judge (Dkt. 13) is DENIED.

2.   Plaintiff shall file nothing further in this closed case other than a notice of appeal.



DATED: **August 26, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**